UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK STEVEN UNGER, #611081              No. 08-10250

    Plaintiff,                              District Judge Thomas L. Ludington

v.                                      Magistrate Judge R. Steven Whalen

DEPARTMENT OF HUMAN SERVICES,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

On January 16, 2008, Plaintiff Mark Steven Unger[1], proceeding *pro se*, filed a self-styled "Petition for Permission to Appeal Petitioners Termination of his Parental Rights" [Docket #1]. Before the Court is Defendant's Motion to Dismiss [Docket #15], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the Defendant's motion be GRANTED, and the Petition/Complaint DISMISSED WITH PREJUDICE.

    **I.   FACTUAL AND PROCEDURAL BACKGROUND**

On June 21, 2006, following a highly publicized trial, Mr. Unger was convicted of the first-degree premeditated murder of his wife. On July 18, 2006, he was sentenced to mandatory, non-parolable life imprisonment. Parental termination proceedings ensued in the Circuit Court for Oakland County, Michigan, the Honorable Linda Hallmark, presiding. Mr. Unger pled no contest to the petition to terminate parental rights, and on December 7, 2006, he waived his right to a "best interests" hearing under Michigan law,

---

[1] Mr. Unger refers to himself as "Petitioner," and to the Department of Human Services as "Respondent." I will use the "Plaintiff" and "Defendant" designations as set forth in the Court's docket sheet.

-1-

M.C.L. § 712A.19b(5).  Judge Hallmark entered an order terminating Mr. Unger's parental rights on January 2, 2007.

Mr. Unger took an appeal as of right to the Michigan Court of Appeals.  On October 9, 2007, the Court of Appeals affirmed the termination of parental rights in an unpublished *per curiam* opinion.[2]  In his appeal, Mr. Unger argued that (1) the trial court erred in finding that the statutory grounds to terminate parental rights existed, because his plea was defective; (2) he was deprived of his Sixth Amendment right to the effective assistance of counsel during the trial court proceedings, as well as his due process right to a hearing; and (3) the statutory grounds for termination were not proved by clear and convincing evidence. *See* Court of Appeals opinion, Petition/Complaint, Exhibit A.  Mr. Unger's application for leave to appeal to the Michigan Supreme Court was rejected because it was untimely filed.

In the present Petition/Complaint, Mr. Unger claims federal jurisdiction under 28 U.S.C. §§ 1443, 1343 and 1391(a).  He raises four claims, set forth verbatim as follows:

I.  APPELLANT COUNSEL WAS INEFFECTIVE WITHIN THE MEANING OF THE SIXTH AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.  COUNSEL FAILED TO IMPLY THE ERROR SOUGHT TO BE CORRECTED WITHIN THE QUESTIONS PRESENTED, ALSO COUNSEL DID NOT EXERCISE DUE DILIGENCE IN FILING PETITIONERS APPLICATION TO THE MICHIGAN SUPREME COURT TIMELY.  VIOLATIONS OF PETITIONERS VI AND XIV AMENDMENTS OF THE CONSTITUTION.

II. THE STATE COURTS WERE INCORRECT STATING PETITIONERS PETITION WAS NOT DEFECTIVE.  PETITIONER WAS DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW, BY ALLOWING THIS PETITION TO STAND IN ITS DEFECTIVE FORM HAS ALLOWED.  VIOLATIONS OF PETITIONERS XIV

---

[2] The Court of Appeals opinion is attached to the Petition/Complaint [Docket #1] as Exhibit A.  It contains a detailed discussion of the facts and legal issues related to the termination proceedings.

    AMENDMENT RIGHT TO DUE PROCESS.

III. THE STATE COURTS DEMONSTRATED AN UNREASONABLE APPLICATION OF STRICKLAND V WASHINGTON, 466 U.S. 668 (1984), THEREFORE NOT ONLY WAS THERE AN UNREASONABLE APPLICATION, PETITIONER WAS DENIED HIS RIGHT UNDER THE SIXTH AMENDMENT TO EFFECTIVE ASSISTANCE OF COUNSEL.

IV. THE STATE COURTS WERE ERRONEOUS IN THERE OPINION THAT THERE WAS CLEAR AND CONVINCING EVIDENCE UPON THE RECORD TO UPHOLD THIS TERMINATION. VIOLATION OF PETITIONERS XIV AMENDMENT.

In its motion to dismiss, Defendant argues that the Petition/Complaint should be dismissed under Fed.R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction, and Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted.

## II.    STANDARD OF REVIEW

### A.    Rule 12(b)(1)

Fed. R. Civ. P. 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction. When a defendant challenges subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990).

### B.    Rule 12(b)(6)

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. V. Twombley* , 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court set forth what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. The Court held that although a complaint need not contain detailed

factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is *plausible* on its face." *Bell Atlantic*, at 1974 (emphasis added).

## IV.  DISCUSSION

### A.  Rule 12(b)(1)

This Petition/Complaint must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.

First, the jurisdictional grounds that Mr. Unger asserts in his Petition/Complaint are clearly inapplicable.  28 U.S.C. § 1391 is a venue statute relating to diversity actions. All parties to this case are citizens of the State of Michigan.  This is not a diversity action. 28 U.S.C. § 1343 is a jurisdictional statute that applies to civil rights actions under 42 U.S.C. § 1985 (race-based conspiracies), equal protection claims, or other federal civil rights *statutes*, including statutes directed at the right to vote.  None of those categories applies to Mr. Unger's case.  28 U.S.C. § 1443 provides for *removal* to federal court of state cases that are based on equal protection.  Mr. Unger presents neither a removal situation (the state proceedings are over) nor an equal protection claim.

Of course, because Mr. Unger is a *pro se* litigant, untrained in the law, his pleadings are to be liberally construed.  *See Martin v. Overton*, 391 F.3d 710, 712 (6th Cir.

2004), citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (*pro se* pleadings are held to "an especially liberal standard"); Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice"). However, even if Mr. Unger had articulated some arguable jurisdictional basis for bringing these issues before this Court–and offhand, I cannot think of one–the Petition/Complaint would have to be dismissed under the *Rooker-Feldman* doctrine.

In the very title of his Petition/Complaint, Mr. Unger seeks "permission to appeal" the state court judgment terminating his parental rights. However, the *Rooker-Feldman* doctrine divests federal district courts of subject matter jurisdiction to review state court judgments. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 390 (6th Cir. 2002). *Rooker-Feldman* reflects the principle set forth in 28 U.S.C. § 1257 that the United States Supreme Court is the sole federal court with jurisdiction to review state court decisions. The doctrine precludes district courts from hearing challenges to state court decisions "even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486. In *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005), the Supreme Court held as follows:

> "The Rooker-Feldman doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.*, 544 U.S. at 284.

The *Rooker-Feldman* doctrine has particular force in the context of state domestic relations cases. The Sixth Circuit has consistently held that "[e]ven when brought under

the guise of a federal question action, a suit whose substance is domestic relations generally will not be entertained in a federal court." *Firestone v. Cleveland Trust Company*, 654 F.2d 1212, 1215 (6th Cir. 1981), citing *Denman v. Leedy*, 479 F.2d 1097, 1098 (6th ir. 1973). *Firestone* characterized this as the "domestic relations exception" to federal jurisdiction. 654 F.2d at 1216. Indeed, more than 100 years ago, the United States Supreme Court stated, "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States." *In re Burns*, 136 U.S. 586, 593-94, 10 S.Ct. 850, 34 L.Ed. 500 (1890).

Mr. Unger is a quintessential "state court loser" who seeks to void a state court judgment that is not to his liking. He explicitly invites "district court review and rejection" of that judgment. *Exxon Mobil, supra*, 544 U.S. at 284. Accordingly, this case is jurisdictionally barred under *Rooker-Feldman*.

### B.   Rule 12(b)(6)

Apart from the *Rooker-Feldman* problem, Mr. Unger's claims are barred by the doctrine of res judicata. As the Supreme Court noted in *Exxon Mobil*, the "Full Faith and Credit Act...requires the federal court to give the same preclusive effect to a state-court judgment as another court of that State would give.'" 125 S.Ct. At 1527, quoting *Parson Steel Inc. v. First Alabama Bank*, 474 U.S. 518, 523, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986). Michigan has adopted a broad application of the doctrine of res judicata which bars not only claims actually litigated in the prior action, but all claims arising out of the same transaction that the parties, exercising reasonable diligence, could have raised in the prior action but did not. *Limbach v. Oakland County Bd of County Road Comm'r*, 226 Mich. App. 389, 396, 573 N.W.2d 336 (1997).

Application of the doctrine of res judicata in Michigan requires that (1) the first

action be decided on its merits, (2) the matter being litigated in the second case was or could have been resolved in the first case, and (3) both actions involved the same parties or their privies. *ABB Paint Finishing, Inc. v. National Union Fire Ins.*, 223 Mich. App. 559, 562, 567 N.W.2d 456 (1997). "The test for determining whether two claims are identical for res judicata purposes is whether the same facts or evidence are essential to the maintenance of the two claims," *Huggett v. Dep't of Natural Resources*, 232 Mich. App. 188, 197, 590 N.W.2d 747 (1998), not whether the grounds asserted for relief are the same. *Jones v. State Farm Ins. Co.*, 202 Mich. App. 393, 401, 509 N.W.2d 829 (1993), *mod'f on other grounds*, *Patterson v. Kleiman*, 447 Mich. 429, 433, n.3 (1994).

  A perusal of the Michigan Court of Appeals opinion demonstrates that all of the issues raised in the present Petition\Complaint–with one exception, which is discussed below–were presented to and ruled upon by the Michigan courts, and that both the federal and state actions involve the same parties and arise from the same underlying facts. Mr. Unger's case clearly falls within the Michigan test for res judicata, and is therefore subject to dismissal.

  The one issue that is not subject to res judicata–although it is clearly barred under *Rooker-Feldman*–is Mr. Unger's claim that he was denied the effective assistance of appellate counsel because of the untimely filing of his application for leave to appeal to the Michigan Supreme Court. Nevertheless, even setting the *Rooker-Feldman* problem aside, this claim fails on its merits.

  There is, of course, no Sixth Amendment right to counsel in parental termination proceedings, as that Amendment, by its terms, applies only to criminal proceedings. And while Michigan courts have held that there is a due process right to counsel in parental termination cases, *see In re C.R.*, 250 Mich.App. 185, 197-198, 646 N.W.2d 506, 513 (2002),

the United States Supreme Court has held that due process does not require appointment of counsel to indigent parents in all termination-of-parental-rights cases, but the decision whether due process requires appointed counsel is to be decided by the trial court case by case. *Lassiter v. Dep't of Soc. Servs. of Durham County,* 452 U.S. 18, 27-32, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981).

Mr. Unger had counsel throughout the termination proceedings in Circuit Court, and in his appeal by right to the Court of Appeals. But even assuming the existence of a Due Process right to counsel at a termination hearing, that right would not extend to discretionary appeals to the Supreme Court. Indeed, even the Sixth Amendment right to counsel does not extend to discretionary appeals beyond first-tier discretionary review. *Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); *Halbert v. Michigan*, 545 U.S. 605, 125 S.Ct. 2582, 162 L.Ed.2d 552 (2005). Mr. Unger cannot bring an ineffective assistance of counsel claim in relation to a proceeding in which he had no right to counsel. *Wainwright v. Torna*, 455 U.S. 586, 587-88, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982).

Therefore, because Mr. Unger has not stated claims upon which relief can be granted, his case may be dismissed under both Rule 12(b)(6) and Rule 12(b)(1).

## V.  CONCLUSION

For these reasons, I recommend that the Defendants' Motion to Dismiss [Docket #15] be GRANTED, and the Petition/Complaint DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard*

*v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: February 5, 2009

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 5, 2009.

s/Susan Jefferson<br>
Case Manager